Filed 7/29/26  J.M. v. M.M. CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| J.M.,<br>        Plaintiff and Respondent,<br><br>    v.<br><br>M.M.,<br>        Defendant and Appellant. | C104439<br><br>(Super. Ct. No. 24DV04098) |

Self-represented M.M. (husband) appeals from the family court's order granting a three-year domestic violence restraining order against him.  He contends: (1) the order lacks supporting substantial evidence; (2) the family court violated his due process rights; (3) the family court failed to conduct certain mandatory statutory analyses; and (4) the family court demonstrated judicial bias.  We disagree and affirm.

Undesignated statutory references are to the Family Code.

## FACTUAL AND PROCEDURAL BACKGROUND

Husband and J.M. (wife) have been married for 18 years and have six minor children together.  Wife did not work outside the house during the marriage, and husband paid their bills.  Husband gave wife a monthly allowance to cover food and household necessities.

1

Husband provided wife with little information about their finances throughout the marriage.  During a conversation about their money, husband grabbed wife's wrist.  At the end of that conversation, husband said to wife, "I know you don't want this right now, but I'm going to give it to you anyway" and forcibly kissed wife on the cheek.

In December 2024, husband abruptly closed wife's credit card after he found out she went to breakfast with a friend.  He stated he would instead increase wife's allowance by $300 per month.

Wife filed for divorce in March 2025.

On July 1, 2025, the family court held a trial on husband's and wife's competing requests for domestic violence restraining orders.  At the beginning of the trial, husband's counsel requested a continuance, citing a June 22, 2025 incident where both parties called the police (the June 22 incident).  Counsel stated husband needed time to subpoena the police officers.  The family court denied the continuance for lack of good cause but allowed both parties to talk about the June 22 incident at trial.

At trial, wife testified that on the morning of June 22, 2025, husband told her he wanted to reduce her allowance to accommodate an increase in car insurance payments.  Wife objected because she believed any reduction in the allowance would make her unable to provide food and other necessities for their children.  Husband became upset and decided to also cancel their older children's cell phone services.  Wife audio-recorded part of the morning argument and the audio recording was played in court.  Later that same afternoon, husband came to wife's room, looked her in the eye, made a gun gesture with his hand, pointed in wife's face, and said "pow," "someday."  Wife called 911 claiming husband threatened to kill her.

Husband also testified as to the events that took place on June 22.  He said he asked wife to talk to one of their children but wife pointed at him and said, "I'm going to hurt you."  She then followed him as he walked to the front door and stated, "That was a threat."  When husband got outside, he was shaking and decided to call 911.

2

During the month of trial, husband reduced wife's allowance by half.

After the trial, the family court issued its findings and order after hearing (the order). The order granted wife's request for a domestic violence restraining order and denied husband's competing request. In reaching its decision, the family court recounted a series of incidents between husband and wife and found wife to be more credible than husband. As to the June 22 incident, the family court stated husband "made his hand into a gun figure and said 'pow' and 'someday' while his hand was shaped like a gun." It also found husband "engaged in coercive control over the finances."

Husband timely appeals.[1]

## DISCUSSION

### I. *Citation to the Record and Legal Authorities*

Husband contends the family court: (1) mischaracterized the nature of certain incidents; (2) improperly treated counsel's closing argument as evidence; and (3) improperly relied on wife's inconsistent testimony. Husband has forfeited these contentions by failing to provide citations to the record or legal authorities.

"To prevail on appeal, an appellant must establish both error and prejudice from that error. [Citation.] In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record. [Citations.] Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority." (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894.)

---

[1] We deny husband's motion to augment filed on April 27, 2026, because it is unnecessary to our disposition.

Here, husband contends the order mischaracterized the interactions in a video showing him preparing food in the kitchen, a video showing a discussion of chores, and an incident on Thanksgiving relating to a ring. But he provides no record citation. We further note that husband cites *Hawran v. Hixson* (2012) 209 Cal.App.4th 256, at pages 270-271 and *In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, at pages 703-704 (*Fregoso*) to support the proposition that "[w]here objective video does not depict the conduct attributed to it, the finding lacks substantial evidence." But *Hawran* involved a motion to strike a strategic lawsuit against public participation. (*Hawran*, at p. 262.) The part of *Hawran* cited by husband discussed the commercial speech exemption of Code of Civil Procedure section 425.17, subdivision (c). (*Hawran*, at pp. 270-271.) *Hawran* made no mention of appellate review of a video recording, and neither did *Fregoso*. In the portion of *Fregoso* cited by husband, the court concluded the wife's testimony constituted substantial evidence supporting the family court's implied finding of reasonable proof of a past act or acts of abuse warranting a domestic violence restraining order. (*Fregoso*, at pp. 703-704.) By failing to provide citations to the record or to appropriate legal authorities, husband has forfeited his challenge to the family court's characterization of these incidents.

Husband has also forfeited his contention that the order improperly relied on counsel's argument as evidence. This contention is unsupported by any citation to the record. Moreover, husband cites *People v. Redd* (2010) 48 Cal.4th 691, at page 741 to support the proposition that "[a] court may not treat counsel's argument as proof." But that portion of *Redd* merely held the defendant had forfeited his contention that the prosecutor vouched for the witnesses' credibility by failing to object, and that in any event, the prosecutor's remark did not improperly vouch for the credibility of the witnesses. (*Redd*, at p. 741.)

For the same reasons, we treat as forfeited husband's claim that the order relies on wife's inconsistent testimony. Husband provides no record citation to support this claim.

4

He again cites *Fregoso* at pages 703-704 to argue that "[t]estimony that is internally inconsistent, inherently improbable, or contradicted by objective evidence cannot constitute substantial evidence." But this is not the substantial evidence standard applied in *Fregoso*, as discussed below. (*Fregoso, supra*, 5 Cal.App.5th at pp. 703-704 [the issue is not whether there is evidence in the record to support a different finding, but whether there is some evidence that, if believed, would support the findings of the trier of fact].)

## II.    *Substantial Evidence*

Husband contends the order is unsupported by substantial evidence because: (1) it mischaracterized the nature of the June 22 incident; and (2) it failed to consider evidence showing husband's ongoing financial support of wife. We disagree.

We review an order granting or denying a domestic violence restraining order for abuse of discretion and the trial court's factual findings for substantial evidence. (*M.S. v. A.S.* (2022) 76 Cal.App.5th 1139, 1143.) The substantial evidence review is "highly deferential" and we do not reweigh the evidence. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 581.) "First, we accept all evidence supporting the trial court's order. Second, we completely disregard contrary evidence. Third, we draw all reasonable inferences to affirm the trial court." (*Ibid.*)

Here, wife's testimony that husband pointed a gun-like hand gesture at her and said "pow" and "someday" constitutes substantial evidence supporting the family court's description of the June 22 incident. (*Fregoso, supra*, 5 Cal.App.5th at p. 703 [the testimony of one witness, even that of a party, may constitute substantial evidence].) Husband claims the June 22 audio recording did not capture these words. But the audio recording is irrelevant. It showed only husband's argument with wife on the morning of June 22, while husband said "pow" and "someday" to wife during their exchange in the afternoon.

Substantial evidence also supports the family court's finding that husband engaged in coercive control over their finances. Wife's testimony establishes that: (1) wife relied

5

on the allowance from husband to purchase food and household necessities; (2) husband threatened to reduce the allowance as his conflict with wife escalated and cut the allowance by half during trial; (3) husband assaulted wife when she asked for financial transparency; and (4) husband closed wife's credit card after finding out she had breakfast with a friend. This testimony constitutes substantial evidence of husband's coercive financial control. (§ 6320, subds. (a), (c)(2)-(3); *Michael K. v. Cho* (2025) 113 Cal.App.5th 1, 12 [depriving a spouse of funds required for basic necessities qualifies as abuse under the Domestic Violence Prevention Act].) Husband claims trial evidence showed he made consistent monthly payments to wife and paid a portion of wife's tuition. This is at best contrary evidence that we do not consider in a substantial evidence review. (*Schmidt v. Superior Court, supra*, 44 Cal.App.5th at p. 581.)

### III. *Statutory Compliance*

Husband contends the family court abused its discretion by failing to conduct the analysis as required in sections 3044, 6306, and 6340. We decline to reverse the order because husband fails to demonstrate a miscarriage of justice.

We do not reverse an order for error unless the appellant demonstrates a miscarriage of justice. (*Sabato v. Brooks* (2015) 242 Cal.App.4th 715, 724-725, citing Cal. Const., art. VI, § 13.) Here, husband claims the family court's failure to perform a section 3044 analysis led to denial of his subsequent request for child-initiated communication with his children and a writ petition. We disregard this claim because it is unsupported by any citation to the record. Husband provides no other explanation as to why the family court's alleged failure to comply with sections 6306 and 6340 was a

miscarriage of justice.[2]  Thus, even assuming the family court erred, reversal is not required.

## IV.  *Due Process*

Husband contends the family court violated his due process rights by: (1) allowing wife's counsel to make new allegations against him at trial without prior notice; (2) failing to exclude out-of-scope testimony; (3) denying his counsel's request to continue the trial; and (4) admitting a receipt that had not been identified before.  We disagree with the third contention and conclude husband has forfeited the rest.

A party forfeits the right to claim a due process violation as a ground for reversal on appeal when he fails to raise the objection in the trial court.  (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221-222.)  Here, husband's counsel made no objection to the new allegations, the out-of-scope testimony, or the admission of the receipt.  Husband also provides no record citation to support his claim that wife "introduced additional narratives not pleaded in the petition or disclosed before" the trial.  He thus forfeits any due process challenges based on these claims.

Husband cites *In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, at pages 1499-1500 and *Catchpole v. Brannon* (1995) 36 Cal.App.4th 237, at pages 245-249 (disapproved on another ground in *People v. Freeman* (2010) 47 Cal.4th 993, 1006, fn. 4) to support the proposition that "[a] litigant does not waive due-process objections by failing to anticipate undisclosed allegations or evidentiary reversals that occur mid-hearing."  Neither supports this proposition.  *Nadkarni* makes no reference to the failure to object and generally stated that "[i]n exercising its discretion to either allow or exclude

---

[2]  We do not consider husband's additional claims of prejudice raised for the first time in his reply brief because he shows no good cause for failing to address them in the opening brief.  (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 657-658 [we do not consider arguments raised for the first time in a reply brief unless good reason is shown for failing to address them earlier].)

oral testimony … the trial court should be guided by the constitutional principle that '[d]ue process guarantees " 'notice and opportunity for hearing appropriate to the nature of the case.' " ' " (*Nadkarni*, at p. 1500.)  *Catchpole* held that an objection is unnecessary to preserve a judicial gender bias claim on appeal (*Catchpole*, at p. 245), but husband does not raise such a claim.

We also reject husband's contention that the family court's denial of his request for a continuance to obtain testimony from police officers about the June 22 incident violated his due process rights.  "Reviewing courts must uphold a trial court's choice not to grant a continuance unless the court has abused its discretion in so doing."  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 823.)  Here, the police officers' testimony was unnecessary because both parties testified as to the June 22 incident.  The family court acted within its discretion to deny the continuance.

Husband claims *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, at pages 1353-1355 supports the proposition that "[w]here new or expanded allegations become central to the court's decision, and a party is denied a reasonable opportunity to obtain available rebuttal evidence, due process concerns arise."  *Elkins* made no decision on any due process issue.  In fact, it intentionally addressed the petitioner's challenge to the trial court's local rule and trial scheduling order under the hearsay rule "to avoid the difficult question whether the local rule and order violate petitioner's right to due process of law."  (*Elkins*, at p. 1345, 1356-1357.)

### V.   *Judicial Bias*

Husband contends structural judicial bias against him existed because the family court found wife more credible and adopted wife's interpretation of disputed evidence in its order.  We disagree.  The order does not establish judicial bias.  (*Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 795-796 [numerous and continuous rulings against a litigant, even when erroneous, form no ground for a charge of bias or prejudice].)  Husband asserts:  "Where central findings rest on testimonial

characterizations that extend beyond what is objectively reflected in admitted recordings, and conflicting evidence is not expressly reconciled, confidence in the neutrality of the adjudication may reasonably be questioned." He again cites *Catchpole v. Brannon, supra*, 36 Cal.App.4th at pages 245-249 in support. *Catchpole* said no such thing. The finding of judicial bias there was based on the trial judge's "expressed hostility to sexual harassment cases and the stereotypical attitudes and misconceptions he adopted." (*Id.* at p. 249.)

Having found no reversible error, we also reject husband's cumulative prejudice claim.

## DISPOSITION

The permanent restraining order is affirmed.  Wife shall recover costs on appeal.

(Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/
MESIWALA, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.